**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LORRAINE CRUZ

       Plaintiff,

vs.                                                                           No. CIV-03-0009 JB/RLP

THE CITY OF ALBUQUERQUE,
NEW MEXICO, a MUNICIPAL
CORPORATION and WILLIAM BELL,
Individually and as agent of the City,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Bell's First Motion to Compel Discovery, filed November 3, 2003 (Doc. 19). The primary issue is whether the Court should compel the Plaintiff, Lorraine Cruz, to answer interrogatories and to respond to requests for production that Defendant William Bell served on her. Because Cruz did not respond to this motion, and because the motion is otherwise meritorious, the Court will grant the motion to compel and will award Bell his costs and fees in preparing this motion and in securing this order.

**FACTUAL BACKGROUND**

On September 17, 2003, Bell served on Cruz, by hand delivery to Cruz' counsel, the original and one copy of: (i) Bell's First Set of Interrogatories to Plaintiff; and (ii) Bell's First Request for Production of Documents to Plaintiff. See Certificate of Service, filed September 17, 2003 (Doc. 17). On that same date, Bell's counsel served a letter on Cruz' counsel in which Bell requested that, if Cruz was claiming any physical or mental injuries in this matter, Cruz provide Bell with a list of Cruz'

care providers for the past five (5) years as well as a medical and psychological release, as local rule 26.3(d) requires. See Letter from William D. Slease to Timothy P. Woolston (dated September 17, 2003). Cruz' answers and responses to Bell's written discovery were due to be served on or before October l7, 2003.

Bell has made a good faith effort to resolve this matter without Court intervention. When Cruz did not answer and respond in a timely fashion, Bell's counsel attempted to obtain compliance without the need for the Court's intervention by sending Cruz' counsel a letter which requested that Cruz comply with her discovery obligations and duties by responding to Bell's discovery, and to provide the releases and a provider list as the local rules require. See Letter from William D. Slease to Timothy P. Woolston (dated October 27, 2003). Nevertheless, Cruz has yet to respond to discovery or to Bell's attempts and efforts to resolve this matter without the need for the Court's intervention. Cruz has not served any answers or responses to Bell's interrogatories or requests. Likewise, despite being asked to do so in accordance with the United States District Court for the District of New Mexico's local rules of civil procedure, Cruz has yet to provide any of the Defendants with any medical and/or psychological releases and a list of Cruz' medical providers.

**PROCEDURAL BACKGROUND**

Bell served, pursuant to rule 37 of the Federal Rules of Civil Procedure, his motion to compel and supporting memorandum on Cruz by mail to her counsel on November 3, 2003. Bell asks the Court for an order compelling Cruz to fully respond, without objection, to his First Set of Interrogatories to Plaintiff and to his First Request for Production to Plaintiff, and to provide the Defendants with a medical release, a psychological relelease, and a list of all care providers that Cruz has seen or consulted within the past five (5) years. Additionally, Bell requests that the Court award

Bell his costs and attorneys' fees incurred in connection with compelling Cruz to respond.

Cruz does not concur in Bell's motion. Under the applicable rules of procedure, however, Cruz needed to file her response to the motion on or before November 20, 2003. As of today, Cruz has not served or filed a response to the motion. Consequently, pursuant to rule 7.1(b) of the Local Rules of Civil Procedure, briefing is complete in this matter. Further, and also pursuant to rule 7.1(b), Cruz' failure to respond constitutes consent to grant Bell's motion to compel, including its request for attorneys' fees and costs.

## **LEGAL ANALYSIS**

Rules 33 and 34 of the Federal Rules of Civil Procedure allow parties, such as Bell in this matter, to serve written interrogatories and requests for production upon any other party in the case. The rules further provide that the party upon whom such discovery is served must serve written answers, responses, and objections within 30 days after the service of the discovery. Rule 33 further states that a party's failure to timely object constitutes a waiver of an objection. The local rules of civil procedure also require a plaintiff to provide a medical release. See D.N.M.LR-Civ. 26.3(d).

Additionally, pursuant to rule 37, the Court may compel a party to respond to interrogatories and requests for production served pursuant to rules 33 and 34 when that party has otherwise has not responded to such discovery. In making such an order, the Court may also take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of rule 37. Further, the Court can require the party not responding to discovery to pay the reasonable expenses, including attorney's fees, of the moving party. See Fed. R. Civ. P. 37(d).

In this case, Bell served his written discovery by hand delivery on Cruz on September 17, 2003. Cruz' answers and responses were due to be served on or before October 17, 2003. Despite

a letter from Bell's counsel to Cruz' counsel seeking to resolve this matter without the Court's intervention, as of the date of Bell's motion, Cruz has not served any answers or responses to Bell's interrogatories and requests.  As of the date of Bell's motion, and of this order, Bell's answers and responses to Bell's interrogatories and requests for production are past due.

Likewise, despite alleging emotional injury resulting from the Defendants' acts, Cruz has not provided medical and psychological releases to the Defendants, along with a list of care providers. Such lists and releases are mandatory under local rule 26.3(d).  As with the past due answers and responses to Bell's written discovery, Bell's counsel attempted to resolve this matter without the Court's intervention and without the need for an expensive, time consuming motion to compel.

Cruz' failure to respond has prejudiced the Defendants in this matter in a number of ways. Initially, Cruz has deprived the Defendants of written discovery necessary to evaluate Cruz' claims and prepare their defenses.  The Defendants needs include, but are not limited to, evaluating the need for and use of experts in this matter.  Additionally, Cruz' lack of responses to Bell's written discovery has deprived the Defendants of information that they could use in preparing for, and efficiently taking, Cruz' deposition.  As a result, the Defendants will be forced to delay setting this deposition until late in discovery.

Moreover, depending upon when Cruz' failure is cured, Cruz' failure to respond may adversely impact the discovery deadlines in this matter.  Also, if the Court allows Cruz to respond with objections, it is likely this matter will be further delayed, while the Defendants evaluate the objections and attempt to resolve them.  In short, Cruz is unnecessarily delaying this litigation, and Cruz is obstructing the Defendants from conducting legitimate discovery in this matter.

Cruz is also forcing the Defendants to incur the costs, including attorneys' fees, associated

-4-

with compelling Cruz to respond to Bell's written discovery and to comply with her obligations under both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

The Court will compel Cruz to immediately answer and to respond, without objection, to Bell's interrogatories and requests for production. The Court will also compel Cruz to submit to Bell a medical release, a psychological release, and a list of her care providers for at least the past five years. In this way, Bell can obtain the discovery to which he is entitled. Moreover, Cruz' failure to submit any response to Bell's interrogatories and requests for production, and her failure to comply with the Local Rules of Civil Procedure concerning medical and psychological releases and information, justify an award of costs and attorneys' fees that the Defendants' reasonably expended in compelling Cruz to comply with her discovery obligations.

**IT IS ORDERED** that the Defendant William Bell's Motion to Compel is granted and: (i) Cruz shall fully answer Defendant Bell's First Set of Interrogatories to Plaintiff without objection within 10 days of the date of this order; (ii) Cruz shall fully respond to Bell's First Requests for Production to Plaintiff without objection within 10 days of the date of this order; (iii) Cruz shall provide a medical release, a psychological release, and a list of all care providers that Cruz has seen for the past five (5) years within 10 days of the date of this order; and (iv) Cruz shall pay Bell his reasonable expenses, including attorneys' fees, incurred in obtaining this order.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Timothy P. Woolston
Albuquerque, New Mexico

    *Attorney for the Plaintiff*


Randy Autio
City of Albuquerque Legal Department
Albuquerque, New Mexico

    *Attorney for Defendant City of Albuquerque*


William D. Slease
Jonlyn Martinez
Slease & Martinez, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant William Bell*